**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. PAATALO, | No. 16-35818 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-01420-AA |
| v. | |
| JPMORGAN CHASE BANK, N.A. and WASHINGTON MUTUAL BANK, F.A., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted June 5, 2018[**]
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Plaintiff-Appellant William J. Paatalo appeals from the district court's order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, Senior United States District Judge for the Southern District of New York, sitting by designation.

granting summary judgment to Defendants-Appellees JPMorgan Chase Bank, N.A. (Chase), and Washington Mutual Bank, F.A. (WaMu).  Because the district court lacked subject matter jurisdiction over the action, we vacate the judgment below and dismiss Paatalo's action without prejudice.  *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004).

Paatalo did not exhaust his claim for declaratory relief through the administrative claims process under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA).  *See* 12 U.S.C. § 1821(d)(3)–(10).  Because "FIRREA strips courts of jurisdiction over claims that have not been exhausted through this process," *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1060 (9th Cir. 2014) (citing 12 U.S.C. § 1821(d)(13)(D)); *see also Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012) ("[A] claim asserted against a purchasing bank based on the conduct of a failed bank must be exhausted under FIRREA."), the district court lacked subject matter jurisdiction over Paatalo's claim.

VACATED and DISMISSED.